

# THE ATTORNEY GENERAL
## OF TEXAS

March 28, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable John Vance
District Attorney
Dallas County
Government Center
Dallas, Texas 75202

Opinion No. JM-1033

Re:   Whether Federal National Mortgage Association (Fannie Mae) Guaranteed Mortgage Pass-Through Certificates may be pledged as security for county deposits (RQ-1611)

Dear Mr. Vance:

At the request of the Dallas County Auditor, you have asked whether Federal National Mortgage Association Guaranteed Mortgage Pass-Through Certificates may be pledged by the depository for Dallas County as security for the deposit of county funds placed with the depository. You have furnished excerpts from the prospectus concerning the certificates.

The Federal National Mortgage Association is popularly known as "Fannie Mae," and it has incorporated that sobriquet into its prospectus. In prominent, large type the prospectus declares:

> THE OBLIGATIONS OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION UNDER ITS GUARANTY ARE OBLIGATIONS SOLELY OF THE CORPORATION AND ARE NOT BACKED BY THE FULL FAITH AND CREDIT OF THE UNITED STATES. THE CERTIFICATES ARE EXEMPT FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933 AND ARE 'EXEMPTED SECURITIES' WITHIN THE MEANING OF THE SECURITIES EXCHANGE ACT OF 1934.

It further states:

> The Guaranteed Mortgage Pass-Through Certificates ('Certificates') are issued and guaranteed by the Federal National Mortgage Association (the 'Corporation' or 'Fannie Mae'), a corporation organized and existing under the laws of the United States, under the authority contained in Section 304(d) of

p. 5339

the Federal National Mortgage Association Charter Act (12 U.S.C. 1716 et seq.).

Each certificate offered hereby and by the Supplement related hereto will represent an undivided interest in a pool of mortgage loans (a 'Pool') to be formed by the Corporation. Each Pool will consist of residential mortgage loans ('Mortgage Loans') either previously owned by the Corporation or purchased by it in connection with the formation of the Pool.

. . . .

Interests in each Pool will be evidenced by a separate issue of Certificates.

. . . .

The Corporation will have certain contractual servicing responsibilities with respect to each Pool. In addition, the Corporation will be obligated to distribute scheduled monthly installments of principal and interest (adjusted to reflect the Corporation's servicing and guaranty fee) to Certificateholders, whether or not received.

Statutes governing depositories for county funds are found in chapter 116 of the Local Government Code. Statutes regarding the security for county funds held by the depository are contained in subchapter C thereof. Section 116.051, which speaks to qualifications as a depository, reads:

Within 15 days after the date a bank is selected as a county depository, the bank must qualify as the depository by providing security for the funds to be deposited by the county with the bank. The depository may secure these funds, at the option of the commissioners court, by:

(1) personal bond; surety bond; bonds, notes, and other securities; first mortgages on real property; real property; or a combination of these methods, as provided by this subchapter; or

> (2) investment securities or interests in them as provided by Chapter 726, Acts of the 67th Legislature, Regular Session, 1981 (Article 2529b-1, Vernon's Texas Civil Statutes).

The section 116.051 reference to "bonds, notes, and other securities" in subsection (1) is exceedingly broad, but, as the "Revisor's Note" accompanying the code section explains, the list in subdivision (1) is based on the source law to sections 116.052-116.056. Section 116.054 narrows the breadth of the section 116.051 provision. It reads:

> (a) A county depository may pledge with the commissioners court as security under this subchapter:

> (1) a bond, note, security of indebtedness, or other evidence of indebtedness of the United States <u>if the evidence of indebtedness is supported by the full faith and credit of the United States or is guaranteed as to principal and interest by the United States;</u>

> (2) a bond of this state or of a county, municipality, independent school district, or common school district;

> (3) a bond issued under the federal farm loan acts;

> (4) a road district bond;

> (5) a bond, pledge, or other security issued by the board of regents of The University of Texas System;

> (6) bank acceptances of banks having a capital stock of at least $500,000;

> (7) a note or bond secured by mortgages insured and debentures issued by the Federal Housing Administration;

> (8) shares or share accounts of a savings and loan association organized under the laws of this state or of a federal savings and loan association domiciled in this state if the payment of the share or share accounts is insured by

> the Federal Savings and Loan Insurance Corporation; or
>
> (9) a bond issued by a municipal corporation in this state.
>
> (b) Securities provided under this section must have a total market value equal to the amount of the depository bond. (Emphasis added.)[1]

The certificates at issue here satisfy none of the section 116.054, subsection (1), requirements, and unless they qualify as "investment securities or interests in them as provided by [article 2529b-1, V.T.C.S.]," as stated by subsection (2) of section 116.051, they do not fall within the statutory categories of acceptable security for county deposits.

In its entirety, article 2529b-1, V.T.C.S., reads:

> Section 1. The following terms, used in this Act, have the meanings set forth below:
>
> (a) 'Government securities' means direct obligations of the United States of America, obligations which in the opinion of the attorney general of the United States are general obligations of the United States and backed by its full faith and credit, obligations guaranteed by the United States of America, evidence of indebtedness of or

---

1. The Local Government Code was enacted by Acts 1987, 70th Legislature chapter 149, at 707 as a non-substantive recodification of existing laws. Sections 311.031(c) and (d) of the Government Code provide that when a statute is amended by the same legislature that repeals the statute in the process of enacting a code, the amendment is preserved and given effect and if the statute, as amended, conflicts with the code, the statute prevails. Section 116.051 was partially derived from former article 2547, which was amended by Acts 1987, 70th Legislature chapter 846, at 2905 without reference to the repeal of the statute by enactment of the code. The amendment, which authorizes the pledge of certain certificates of deposit by banks to secure county deposits, does not conflict with the code or affect the answer to your question, when given effect.

participation certificates guaranteed by Federal Intermediate Credit Banks, Federal Land Banks, Banks for Cooperatives, Federal Farm Credit System, Federal Home Loan Banks, including letters of credit issued by the district Federal Home Loan Banks, general obligation notes of the Federal Home Loan Bank System, and general obligation bonds of the Federal Home Loan Bank System, Federal National Mortgage Association, Federal Financing Bank Participation Certificates in the Federal Asset Financing Trust, New Housing Authority Bonds and Project Notes fully secured by contracts with the United States of America provided such terms shall not include any obligation with a declining principal balance.

(b) 'Investment securities' means (i) government securities or (ii) any general or special obligation issued by a public agency (approved by the attorney general of Texas) payable from taxes, revenues, either or both.

(c) 'Public agency' means any board, authority, agency, department, commission, political subdivision, municipal corporation, district, public corporation, body politic, or instrumentality of the State of Texas, including without limitation any county, home-rule charter city, general-law city, town, or village, any state-supported educational institution of higher learning, any school, junior college, hospital, water, sewage, waste disposal, pollution, road, navigation, levee, drainage, conservation, reclamation, or other district or authority, and any other type of political or governmental entity of the State of Texas.

Sec. 2. Investment securities or any ownership or beneficial interest therein shall be eligible and lawful security for all deposits of public funds of the State of Texas and any public agency to the extent of the market value thereof.

Sec. 3. The provisions of this Act shall be cumulative of all other existing laws, but shall be full and complete authority for investment securities to be eligible to

>    secure public funds without reference to  any
>    other law.  (Emphasis added.)

The  syntax  of  section   1(a)  of  article   2529b-1,
V.T.C.S., is  complex and  might  be analyzed  in  different
ways, but we have concluded that it should be read as though
the phrase  "including  letters  of· credit  issued  by  the
district Federal Home Loan  Banks, general  obligation  notes
of the Federal Home Loan Bank System, and general obligation
bonds of the Federal Home Loan Bank System" were set off  by
parentheses.   This  phrase applies  only to  securities  of
Federal Home Loan Banks,  but it is so  long that it  inter-
rupts the list of entities whose evidence of indebtedness in
participation certificates are government securities.  As so
punctuated, the provision reads:

>    (a)   'Government securities' means  direct
>    obligations of the United States of  America,
>    obligations which  in  the  opinion  of  the
>    attorney general  of  the United  States  are
>    general obligations of the United States  and
>    backed by its full faith and credit,  obliga-
>    tions guaranteed  by  the  United  States  of
>    America,  evidence  of  indebtedness  of  or
>    participation  certificates   guaranteed  by
>    Federal Intermediate  Credit  Banks,  Federal
>    Land Banks, Banks  for Cooperatives,  Federal
>    Farm Credit System,  Federal Home Loan  Banks
>    (including letters  of credit  issued by  the
>    district Federal  Home  Loan  Banks,  general
>    obligation notes  of  the Federal  Home  Loan
>    Bank System, and general obligation bonds  of
>    the Federal Home  Loan Bank System),  Federal
>    National Mortgage  Association,  Federal  Fi-
>    nancing Bank  Participation  Certificates  in
>    the Federal Asset Financing Trust, New ·Hous-
>    ing Authority Bonds  and Project Notes  fully
>    secured by contracts  with the United  States
>    of America.provided such terms shall not  in-
>    clude any obligation  with a declining  prin-
>    cipal balance.  (Emphasis added.)

This reading of subsection 1(a) of the statute,  causes
certificates  "guaranteed  by  the  . . .  Federal  National
Mortgage Association"  to  be "government  securities"  and,
thus,  "investment  securities"  under  subsection   1(b).
Section 2 of statute declares that any ownership   or
beneficial interest in investment securities is eligible and
lawful security  for all  deposits of  public funds  of  any
public agency to  the extent  of the  market value  thereof.

Counties are  "public agencies"  within the  meaning of  the act.   V.T.C.S. art. 2529b-1, § 1(c).

Our conclusion that  the certificates at  issue may  be pledged as security for the  deposit of Dallas County  funds is based upon our  understanding of the legislative  intent. Punctuation does not  control or affect  the matter.   Gov't Code § 312.012(b).   It is  the duty of  courts, and of  this office, to  give statutes  a reasonable,  fair  construction with a  view  to accomplishing  such  intent.   See 53  Tex. Jur.2d  Statutes § 126, at 187.  The legislative intent here is  clearly  to  protect  public  funds  by  requiring  that deposits of them be secured by safe evidences of obligation.

Influencing our conclusion that the legislature regard-ed certificates guaranteed  by "Fannie Mae"  as safe is  the circumstance that, under federal law, such certificates

> 'shall be lawful investments  and may be  ac-cepted as security for all fiduciary,  trust, and public funds,  the investment or  deposit of which  shall be  under the  authority and control of the  United States  or an  officer thereof.'

12 U.S.C. § 1723(c).

Consequently, we advise that Federal National  Mortgage Association Guaranteed  Mortgage  Pass-Through  Certificates may be pledged by the depository for Dallas County as secur-ity for the deposit of county funds placed with the  deposi-tory.

### S U M M A R Y

Federal  National  Mortgage  Association Guaranteed Mortgage Pass-Through Certificates may be pledged by  the depository for  Dallas County as security for the deposit of  county funds placed with the depository.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General